GILDERSLEEVE *v.* LAMONT.

MUNICIPAL CORPORATIONS—HOME-RULE VILLAGES—STATUTES—CHAR-
TERS—ORDINANCES—SALARIES OF OFFICERS.

    Salaries of home-rule village president and members of village
        council are controlled by statute under which the village was
        incorporated, the village charter, and pertinent ordinance,
        where home rule village statute included a provision that
        villages should not be subject to any limitations or restric-
        tions not included in the village charter that were not in-
        consistent with the home rule act, notwithstanding general
        village act provided a lower maximum salary for such offi-
        cers than was set by the ordinance, the latter provision
        not having been incorporated in the village charter (CL
        1948, §§ 64.21, 78.25; Rockwood Village Charter, ch 5, § 26:
        Rockwood Ordinance No 21, § 1).

Appeal from Wayne; Murphy (Thomas J.), J.
Submitted June 5, 1951. (Docket No. 19, Calendar
No. 45,102.) Decided September 5, 1951.

Bill by Fred F. Gildersleeve against Harry La-
mont and others for accounting of salaries received
as officers of village of Rockwood. Decree for plain-
tiff. Defendants appeal. Reversed and bill dis-
missed.

*Temple, Brown, Temple & Williams,* for plain-
tiffs.

*Arthur P. Zirkaloso,* for defendants.

BOYLES, J. Plaintiff, a resident taxpayer and elec-
tor in the village of Rockwood, Wayne county, filed

REFERENCES FOR POINTS IN HEADNOTES
As to home rule of incorporated villages, see 37 Am Jur, Municipal
    Corporations § 102 *et seq.*

the bill of complaint in this case to compel the defendants individually and as the president and members of the village council, to account for salaries claimed to have been paid to them contrary to law, and to enjoin them from further receiving the same. Subsequent to the filing of the bill of complaint defendant Lamont, the village president, died and the case was dismissed as to him. The purpose of the suit was and still is to test the validity of a certain village ordinance which provides for the salaries to be paid said village officers. The court, after taking testimony, concluded that all salaries paid the defendants in accordance with the ordinance but in excess of the limitations in a certain State statute were illegally paid, and entered a decree which requires the 4 remaining defendants to repay certain sums to the village treasurer, and permanently restrains them from authorizing or accepting payment of salaries for the president and village "trustees" in excess of $25 per year.

The facts are not in dispute and counsel are agreed in stating that the only question of law involved is as follows:

"Whether salary provisions of the so-called 'home-rule act' for villages (PA 1909, No 278) was governed by the limitations contained in the so-called 'general village act' (PA 1895, No 3)."

The circuit court held that defendants' salaries were thus limited, and the defendants appeal.

The village of Rockwood was incorporated in 1927 under the provisions of the so-called home-rule act for villages, PA 1909, No 278.*  Section 23† of said act provides in part:

"Each village charter as hereafter adopted or amended shall provide:

---

* CL 1948, §§ 78.1–78.28 (Stat Ann and Stat Ann 1949 Cum Supp §§ 5.1511–5.1539).
† CL 1948, § 78.23 (Stat Ann 1949 Cum Supp § 5.1533).

"(a) For the election of a president who shall be the executive head, a clerk, and a commission or other body vested with legislative power, and shall fix their compensation."

Chapter 14, § 3, of the charter (1927) of Rockwood village provides:

"Any provisions of PA 1909, No 278, as now amended or as the same may hereafter be amended, granting powers to the village incorporated thereunder, which powers may not have been herein enumerated, shall be considered and shall be a part of this charter, unless to the contrary in this charter provided."

Chapter 5, § 26,* of said village charter provides in part:

"The president and members of the council shall serve without compensation.[1] * * * It shall be unlawful to increase or decrease the salary of any village officer, elective or appointive, during the term of office for which he was elected or appointed; * * * provided, that the council may by resolution fix the salaries of elective officers, for future terms of office, provided however, that such resolution shall not take effect until after the same shall have been submitted to and adopted by the qualified electors of the village at a regular annual village election."[1]

Pursuant to the above charter provision, a resolution was duly adopted by the village council early in 1945, proposing an ordinance to provide for the salaries to be paid to its elective officers. This ordinance was submitted to the electors at the regular annual village election in March, 1945, and affirmatively adopted by more than a 2-to-1 majority of the

---

* The record so states. However, the copy of the charter on file in the office of the secretary of State has this matter located in section 27.—Reporter.

[1] These apparent inconsistencies are not brought before us for consideration.

voters. It provides for salaries to be paid to the elective officers of the village, as follows:

"The elective officers of the village of Rockwood shall be entitled to receive as full compensation, for their services the following enumerated salaries, to-wit: The president shall receive the sum of $250 per year; each councilman shall receive the sum of $150 per year." [2]

The trial court, in holding that the defendants did not have any right to the salaries provided for in said ordinance, concluded that their compensation was limited by the provisions of the so-called general village act, PA 1895, No 3,[3] and particularly by the provisions of chapter 4, § 21,[4] of said act, as amended by PA 1917, No 51, the material part of which reads as follows:

"The president and trustees shall each receive such sum as shall be fixed by ordinance, a sum of not less than 1 dollar for each meeting and not to exceed 25 dollars in any 1 year in villages of less than 1,500 population, * * * for each regular meeting of the village council by them respectively attended during their term of office."

(The population of the village of Rockwood is less than 1,500.)

In so holding, the trial court failed to give proper effect to section 25 [5] of PA 1909, No 278 (the home rule act for villages), which provides as follows:

"Each village may adopt as its charter or any part of the same, any chapter, act or section of the statutes of this State in force at the time of such adoption and not inconsistent with the provisions of this act, which relates to the powers or government of villages generally, either by reciting the same in

---

[2] Rockwood Ordinance No 21, § 1.—REPORTER.
[3] CL 1948, § 61.1 *et seq.* (Stat Ann and Stat Ann 1949 Cum Supp § 5.1201 *et seq.*).
[4] CL 1948, § 64.21 (Stat Ann § 5.1263).
[5] CL 1948, § 78.25 (Stat Ann § 5.1535).

such charter or by appropriate reference thereto; and except in so far as any of the same may be so adopted, no village shall be subject to any of the limitations or restrictions thereof."

The village was incorporated and its charter was adopted in 1927 under the provisions of said village home rule act. Its charter (chapter 14, § 3, hereinbefore quoted) expressly adopted as a part of said charter any provisions of said home rule act granting powers to the village not contrary to other provisions of the charter. Furthermore, said charter expressly provided (chapter 5, § 26,* hereinbefore quoted) that the common council might fix the salaries of elective officers for future terms, to take effect only after being adopted at the regular village election. This was done, and thereafter the defendants received salaries in accordance therewith, and not in excess thereof. The village charter did *not* adopt the limitations on salaries provided in chapter 4, § 21, of the general village incorporation act (PA 1895, No 3, *supra*). To repeat, for emphasis, the above-quoted section 25 of the home rule act for villages (PA 1909, No 278, *supra*) expressly provides that "except insofar as any of the same may be so adopted, no village shall be subject to any of the limitations or restrictions thereof (*i.e.*, statutory provisions in any statute then in effect)." The trial court was in error in holding that chapter 4, § 21, of the general village act of 1895 controlled. Said salaries are controlled by the 1909 home rule act, the village charter, and the ordinance hereinbefore referred to.

Reversed, bill of complaint dismissed, costs to appellants.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.

* See footnote on page 10.—RPEORTER.